# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAYNE BARTELL | : | |
| | : | |
| v. | : | 3:05cv412(WWE) |
| | : | |
| KRISTEN DRAPALA, MARGARET LISEO, and TIMOTHY REILLY. | : | |

## RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Wayne Bartell, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Middletown Police Officers Kristen Drapala, Margaret Liseo and Timothy Reilly. Specifically, plaintiff alleges that defendants violated his constitutional rights pursuant to the Fourth, Eighth and Fourteenth Amendments. He also asserts that defendants engaged in a conspiracy, violated state strip search laws, committed assault and battery, and intentionally inflicted emotional distress.

Defendants have filed a motion for summary judgment. For the reasons set forth below, the motion for summary judgment will be granted in part.

## Background

The parties have submitted statements of facts with supporting exhibits and materials.

On August 13, 2003, plaintiff was the subject of several Family Violence Protective Orders that required him to refrain from threatening, harassing, contacting or coming within one hundred yards of his estranged wife, Natalie Griffin, or her children. However, at approximately midnight of August 13, 2003, plaintiff went to Ms. Griffin's residence.

Defendant Officers Kristen Drapala and Timothy Reilly were dispatched to investigate the incident at Ms. Griffin's apartment. During the arrest, Officer Reilly became involved in a physical struggle with plaintiff. Officer Drapala assisted Officer Reilly in arresting plaintiff, and then transported plaintiff to the police station for processing.

During plaintiff's processing, Officer Drapala requested a back-up officer, and Officer Laterra arrived to assist with the processing. After plaintiff agreed to answer Officer Drapala's booking questions, Officer Laterra returned to the front desk. However, when Officer Drapala was prepared to fingerprint plaintiff, she called the front desk for Officer Laterra to assist her due to plaintiff's aggressive behavior.

After fingerprinting, plaintiff was placed directly into cell # 3, where he was monitored by the closed circuit camera system. He was observed throwing a wet substance believed to be wet toilet paper at the security camera and then climbing up onto the toilet to cover the camera's lens.

Lieutenant Donald Anderson, the midnight shift commanding officer, directed Officers Liseo, Drapala and Reilly to place plaintiff in the EDP cell, which is constructed to house arrestees who are out of control or pose a safety risk to themselves or others.

After placement in the EDP cell, plaintiff threw an unknown substance at the security camera lens. Lieutenant Anderson directed the officers to remove plaintiff's clothing and have his arms cuffed and his legs shackled. Several hours later, plaintiff was allowed to dress and was transported to court for his arraignment.

**DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion

for summary judgment is not met. Anderson, 477 U.S. at 249.

The Court finds that disputed factual issues preclude summary judgment on plaintiff's Fourth Amendment allegations, the related claims of intentional infliction of emotional distress, conspiracy, violation of the state strip law statutes, and the defense of qualified immunity. However, the Court will narrow the case by granting summary judgment on plaintiff's claims pursuant to the Eighth and Fourteenth Amendments.

Eighth Amendment

Summary judgment will enter on plaintiff's Eighth Amendment claim since that amendment's prohibition against cruel and unusual punishment does not apply to pre-trial detainees. See Whitley v. Albers, 475 U.S. 312, 318-26 (1986).

Equal Protection

Summary judgment is also appropriate on plaintiff's claim of an equal protection violation pursuant to the Fourteenth Amendment. The equal protection clause requires state actors to treat similarly situated individuals alike. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). To satisfy the "similarly situated" element of an equal protection claim, "the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high." Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005). Here, plaintiff makes no proffer of similarly situated comparators.

Due Process

The Court will also enter summary judgment on the claim that defendants' conduct violated his substantive due process rights. Plaintiff's Fourth Amendment allegations preempt his assertion of a substantive due process violation based on the same conduct. See Graham v. Connor, 490 U.S. 386, 395 (1989) (generalized notion

of substantive due process does not apply where the Fourth Amendment provides specific protections to claim).

## **CONCLUSION**

For the foregoing reasons, the motion for summary judgment [docs. # 13] is GRANTED in part. Plaintiff is instructed to file an amended complaint consistent with this ruling within 10 days of this ruling's filing date.

Entered in Bridgeport, Connecticut, this __12th__ day of March, 2007.

_____/s/_____
Warren W. Eginton
Senior United States District Judge